```
 1  BLOOD HURST & O'REARDON, LLP
    TIMOTHY G. BLOOD (149343)
 2  LESLIE E. HURST (178432)
    THOMAS J. O'REARDON II (247952)
 3  600 B Street, Suite 1550
    San Diego, CA 92101
 4  Telephone: (619) 338-1100
    Facsimile: (619) 338-1101
 5  tblood@bholaw.com
    lhurst@bholaw.com
 6  toreardon@bholaw.com

 7  Attorneys for Plaintiff
```

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN 19 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| AMANDA OBNEY, On Behalf of Herself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>TACO BELL CORPORATION,<br><br>Defendant. | Case No.: SACV11-00101 DOC (FFMx)<br><br>**CLASS ACTION**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ*.; and<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200, *ET SEQ*.<br><br>**DEMAND FOR JURY TRIAL** |

00025525

Plaintiff Amanda Obney, by and through her attorneys, brings this action on behalf of herself, all others similarly situated and the general public against defendant Taco Bell Corporation ("Taco Bell" or "Defendant"). The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). Plaintiff alleges, on information and belief, except for the information based on personal knowledge, as follows:

## NATURE OF THE ACTION

1. This is a consumer rights class action challenging Taco Bell's practice of representing to consumers that the filling in many of its "beef" food items is "seasoned ground beef" or "seasoned beef," when in fact a substantial amount of the filling contains substances other than beef. Rather than beef, these food items are actually made with a substance known as "taco meat filling." Taco meat filling mostly consists of "extenders" and other non-meat substances. Taco meat filling is not beef. In fact, it does not meet the minimum standards set by the United States Department of Agriculture ("USDA") to be labeled or advertised as "beef," seasoned or otherwise. This action seeks to require Taco Bell to properly advertise and label these food items and to engage in a corrective advertising campaign to educate the public about the true content of its food Products (defined below).

2. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) on behalf of herself, all similarly situated consumers of the menu items advertised and labeled by defendant as containing "seasoned ground beef" or "seasoned beef" and the general public. Plaintiff seeks to halt the dissemination of Taco Bell's false and misleading advertising message, and correct the false and misleading perception it has created in the minds of consumers.

1

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of states different from Taco Bell. Further, greater than two-thirds of the Class members reside in states other than the state in which Taco Bell is a citizen.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because Taco Bell:

(a) is headquartered within the Southern Division of this district;

(b) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

(c) does substantial business in this district; and

(d) is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff is a resident of California. During the relevant time period plaintiff was exposed in California to defendant's advertising and labeling claims that the subject "beef" food items were filled with "seasoned ground beef" or "seasoned beef." Based on these representations, as well as the reasonable belief that defendant would accurately and honestly describe its products, plaintiff believed the taco meat filling was seasoned beef and, in reliance thereon, purchased the food items, thereby suffering injury in fact and losing money as a result of the alleged conduct. Plaintiff wanted to purchase beef-filled food items from Taco Bell, but did not receive what she believed she was purchasing.

6. Defendant Taco Bell Corporation is a California company with its principal place of business in Irvine, California. Taco Bell Corporation, a wholly

owned subsidiary of Yum! Brands, Inc., is the largest Mexican fast-food chain in the United States. It operates, manages or franchises more than 5,600 locations in the United States and had sales in 2009 in excess of $1.9 billion. More than 35 million consumers visit a Taco Bell restaurant each week and more than two billion consumers are served annually. From its headquarters and Restaurant Support Center in California, Taco Bell determines the content of its advertising and labeling, including its menus.

## DEFENDANT'S CONDUCT

7. Taco Bell operates, manages, markets, and franchises fast-food restaurants in California and throughout the United States.

8. Taco Bell restaurants serve Mexican style food products, including, but not limited to, tacos, burritos, Gorditas®, Chalupas® and quesadillas. Consumers are generally given a choice between chicken, beef, or carne asada steak. The "chicken" and "carne asada steak" served by Taco Bell is, in fact, chicken or carne asada steak. The "seasoned beef," however, is not beef.

9. Taco Bell advertises and labels many of its "beef" food items to consumers as containing "seasoned ground beef" or "seasoned beef" (the "Products"). In reality, a substantial majority of the filling is comprised of substances other than beef, and is required to be labeled and advertised as "taco meat filling."

10. Taco Bell also misrepresents certain of the Products' ingredients as "seasonings." However, these ingredients are not added for flavor, but rather to increase the volume of the product. These ingredients are binders and extenders such as "isolated oat product."

11. Taco Bell uniformly misrepresents on its package labels, brochures, website, menus, and in its television commercials that the "beef" Products contain "seasoned ground beef," rather than "taco meat filling."

12. For example, Taco Bell describes its diet product, "Fresco Soft Taco," as "a warm, soft flour tortilla filled with seasoned ground beef, crisp shredded lettuce, and fiesta salsa." It describes its Crunchy Taco as "a crunchy, corn taco shell filled with seasoned ground beef, crisp shredded lettuce, and real cheddar cheese." It describes its spicy beef "Volcano® Burrito as "a warm, soft flour tortilla that's packed with a double portion* of seasoned ground beef, seasoned rice, crunchy red tortilla strips, real cheddar cheese, cool reduced fat sour cream and cheesy molten hot lava sauce." In fact, for each of these food items and its other Products, the "seasoned ground beef" is not ground beef with seasoning but "taco meat filling."

13. On its website, www.tacobell.com, Taco Bell repeats these misrepresentations and omissions and the contents of its advertisements:



4





14. Taco Bell's television commercials, restaurant menus and print advertisements make the false and deceptive misrepresentations and omissions

that the "beef" Products contain "seasoned ground beef," and not a product of substantially lower quality that does not meet the definition for beef. For example:



15. Taco Bell's advertisement that it sells "beef" menu items containing "seasoned ground beef," is unsubstantiated, false and misleading. The Products, unbeknownst to consumers, are comprised substantially of meat filling and are mislabeled. Taco Bell's "seasoned beef" actually contains among other ingredients, water, "Isolated Oat Product," wheat oats, soy lecithin, maltodrextrin, anti-dusting agent, autolyzed yeast extract, modified corn starch and sodium phosphate, as well as beef and seasonings.

16. Taco Bell's definition of "seasoned beef" does not conform to consumers' reasonable expectation or ordinary meaning of seasoned beef, which is beef and seasonings. Merriam-Webster defines "beef" as "the flesh of an adult domestic bovine (as steer or cow) used as food."

17. Taco Bell's use of the term "seasoned beef" also violates and is otherwise inconsistent with the United States Department of Agriculture's ("USDA") definition. The USDA defines "beef" as "flesh of cattle." 7 C.F.R. §1260.119. "Ground beef" "shall consist of chopped fresh and/or frozen beef with or without seasoning and without the addition of beef fat as such, shall not contain more than 30 percent fat, and shall not contain added water, phosphates, binders, or extenders." 9 C.F.R. §319.15.

18. The USDA has developed the Food Standards and Labeling Policy Book (the "Policy Book"). The Policy Book provides "guidance to help manufacturers and prepare product labels that are truthful and not misleading." The Policy Book requires food labeled as "Taco filling" to contain "at least 40 percent fresh meat." In addition, "[t]he label must show the true product name, e.g., 'Taco Filing with Meat,' 'Beef Taco Filling,' or 'Taco Meat Filling.'"

19. Internally, Taco Bell refers to its "seasoned ground beef" and "seasoned beef" as "taco meat filling," even labeling the containers shipped to its restaurants correctly, while not telling its customers. The label reads:

7



## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this lawsuit on behalf of herself and the proposed Class members under Federal Rules of Civil Procedure Rule 23(a) and (b)(2). The proposed Class consists of:

> All persons in the United States who purchased any food product from Taco Bell that was advertised or labeled as a containing "beef," "seasoned ground beef" or "seasoned beef."

21. The Class is comprised of many tens of thousands of consumers throughout California and the United States. The Class is so numerous that joinder of all members of the Class is impractical.

22. This action involves questions of law and fact common to the plaintiff and the members of the Class which include:

8

(a) Whether Taco Bell has engaged in an unlawful, unfair, misleading or deceptive business act or practice through their labeling and advertising practices;

(b) Whether Taco Bell's labeling and advertising is misleading and/or likely to deceive regarding the nature of the Products;

(c) Whether the Taco Bell Products contain beef with a seasoning or taco meat filling;

(d) Whether Taco Bell's alleged conduct violates public policy; and

(e) Whether plaintiff and Class members are entitled to declaratory and injunctive relief, including enjoining Taco Bell from continuing to misrepresent the nature of the Products, and requiring Taco Bell to engage in a corrective advertising campaign.

23. The plaintiff's claims are typical of the claims of the members of the Class. The named plaintiff is a member of the Class of victims described herein.

24. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which conflict with the interests of the other members of the Class. Plaintiff has engaged counsel who are experienced in the prosecution of this type of action.

25. Unless a class-wide injunction is issued, Taco Bell will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

26. Taco Bell has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

# FIRST CAUSE OF ACTION

## Consumers Legal Remedies Act
## Civil Code §1750 *et seq.*

27. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

28. This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by Civil Code §1761(d). The Products are goods within the meaning of the Act.

29. Taco Bell violated and continues to violate the Act by engaging in the following practices proscribed by §1770(a) of the Act in transactions with plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

   (a) Representing that [the Products have] . . . characteristics, . . . uses [or] benefits . . . which [it does] not have . . . .

   (b) Representing that [the Products are] of a particular standard, quality or grade . . . if [they are] of another.

   (c) Advertising goods . . . with intent not to sell them as advertised.

30. Taco Bell violated the Act by making the representations described above when it knew, or should have known, that the representations were unsubstantiated, false and misleading.

31. Pursuant to §1782(d) of the Act, plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Taco Bell, and for corrective advertising.

32. Pursuant to §1780(d) of the Act, attached hereto as Exhibit A is the affidavit showing that this action has been commenced in the proper forum.

00025525

## SECOND CAUSE OF ACTION

### Unlawful Business Acts and Practices, Business & Professions Code §17200, *et seq.*

33. Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Taco Bell has violated each of these provisions of Business & Professions Code §17200.

35. Taco Bell has violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770; Business & Professions Code §17500 *et seq.*; Health & Safety Code §§110390, 110395, 110398, 110545, 110585, 110660, 110760, 110765; 21 U.S.C. §§342, 343; 7 C.F.R. §1260.119; and 9 C.F.R. §319.15, by misbranding food in violation of federal law, and by violating the common law.

36. Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

37. Taco Bell's acts, omissions, misrepresentations, practices and non-disclosures that the Products contained "seasoned ground beef" or "seasoned beef" rather than "taco meat filling," as alleged herein, also constitute "unfair" business acts and practices within the meaning of Business & Professions Code §17200, *et seq.*, in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

38. As stated in this Complaint, plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws. Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, *et seq.*

39. There were reasonably available alternatives to further Taco Bell's legitimate business interests, other than the conduct described herein.

40. The foregoing conduct also violates Business & Professions Code §17200's prohibition against "fraudulent" or deceptive business practices. Defendant's misrepresentations on its labels, brochures, website, menus, packaging and in television and internet advertisements that the Products are "beef," and contain "seasoned ground beef" or "seasoned beef," are likely to and did deceive reasonable consumers, including the plaintiff, into believing the Products had specific ingredients which they did not.

41. Taco Bell's advertising, including its labeling, as described herein, also constitutes unfair, deceptive, untrue and misleading advertising.

42. Taco Bell's conduct caused and continues to cause substantial injury to plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money or property as a result of Taco Bell's unfair conduct.

43. As a result of Taco Bell's violations of the UCL, and similar laws in effect in other states, plaintiff and Class members are entitled to the relief against defendant, as set forth in the Prayer for Relief.

44. Additionally, pursuant to Business & Professions Code §17203, plaintiff seeks an order requiring Taco Bell to immediately cease such acts of unlawful, unfair and fraudulent business practices, and requiring Taco Bell to engage in a corrective advertising campaign, including notification of the true content and ingredients of Taco Bell's Products.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for a judgment:

A. Certifying the Class as a class action;

B. Awarding declaratory and injunctive relief, including enjoining defendant from continuing the unlawful practices as set forth herein, and continuing to misrepresent the true contents and ingredients of their Products;

C. Directing defendant to engage in a corrective advertising campaign;

D. Awarding plaintiff attorneys' fees and costs; and

E. Awarding such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 19, 2011

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD
LESLIE E. HURST
THOMAS J. O'REARDON II

By: /s/ Timothy G. Blood
TIMOTHY G. BLOOD

600 B Street, Suite 1550
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

BEASLEY, ALLEN, CROW, MEHVIN,
 PORTIS & MILES, P.C.
W. DANIEL MILES, III
WILLIAM E. HOPKINS, JR.
218 Commerce Street
Post Office Box 4160
Montgomery, AL 36104
Telephone: 334/269-2343
334/954-7555 (fax)
Dee.Miles@BeasleyAllen.com
Bill.Hopkins@BeasleyAllen.com

Attorneys for Plaintiff

00025525

13

Name & Address:
Timothy G. Blood (tblood@bholaw.com)
Blood Hurst & O'Reardon, LLP
600 B Street, Suite 1550
San Diego, CA 92101
619/338-1100 619/338-1101 (fax)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| AMANDA OBNEY, On Behalf of Herself, All Others Similarly Situated and the General Public | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV11-00101 DOC (FFMx) |
| v. | |
| TACO BELL CORPORATION | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Timothy G. Blood_____, whose address is _Blood Hurst & O'Reardon LLP, 600 B Street, Suite 1550, San Diego, CA 92101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _January 19, 2011_   By: __AMY DeAVILA__
                                Deputy Clerk

                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AMANDA OBNEY, On Behalf of Herself, All Others Similarly Situated and the General Public

Plaintiff

**DEFENDANTS**
TACO BELL CORPORATION

Defendant

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Timothy G. Blood (149343), Blood Hurst & O'Reardon, LLP
600 B Street, Suite 1550, San Diego, CA 92101
619/338-1100  619/338-1101 (fax)  tblood@bholaw.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Cal. Civil Code section 1750, et sq. and Cal. Business & Professions Code, section 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                                  CIVIL COVER SHEET                                                  Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Irvine |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Irvine |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_  **Date** 1/19/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**SACV11- 101 DOC (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY