**David F. Graham (*pro hac vice* forthcoming)**
dgraham@sidley.com
**Thomas P. Hanrahan (SBN 110609)**
thanrahan@sidley.com
**Nitin Reddy (SBN 229451)**
nreddy@sidley.com
**Brendan P. Sheehey (SBN 247156)**
bsheehey@sidley.com
**SIDLEY AUSTIN LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, California  90013-1010**
**Telephone:      (213) 896-6000**
**Facsimile:      (213) 896-6600**

**Attorneys For Defendant**
**TACO BELL CORP.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| AMANDA OBNEY, On Behalf of Herself, All Others Similarly Situated and the General Public, <br><br> Plaintiff, <br><br> vs. <br><br> TACO BELL CORPORATION, <br><br> Defendant. | Case No. SACV11-00101 DOC (FFMx) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date:   April 25, 2011 <br> Time:                8:30 a.m. <br> Courtroom:      9D <br> Judge:             Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 25, 2011, at 8:30 a.m., or as soon thereafter as counsel may be heard before the Honorable David O. Carter, in Courtroom 9D of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, California, Defendant Taco Bell Corp. ("Taco Bell"), through its undersigned counsel, will and hereby does move, pursuant to Federal Rules of Civil Procedure 12(b)(6), for an order dismissing the Complaint because it fails to state a claim for which relief may be granted under Rule 8 and Rule 9(b).

The Complaint fails to state a claim for two reasons.  First, the Complaint alleges no facts that plausibly support its claim that Taco Bell's advertising and labeling of its seasoned beef tacos, burritos and other products are misleading because a "substantial majority of the filling is comprised of substances other than beef . . . ." Compl. ¶ 9.  The Complaint pleads no *facts* at all that support this foundational assertion, let alone with any specificity.  Nor does it suffice for plaintiff to make such a naked assertion based solely on "information and belief," without any personal knowledge – as plaintiff admittedly tries to do here (Compl., p. 1) – because Plaintiff fails to set forth any "information" that plausibly provides a basis for her "belief."

Second, while Plaintiff asserts that Taco Bell's use of the term "seasoned beef" in its product names and descriptions violates USDA regulations, the USDA has expressly and repeatedly stated that its regulations do not apply to restaurant menus, menu descriptions or menu items.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and the papers and pleadings on file in this action.  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 24, 2011 and February 25, 2011.

**NOTICE OF MOTION AND MOTION TO DISMISS**

1

Dated:  March 1, 2011

Respectfully submitted:

2

3

SIDLEY AUSTIN LLP
David F. Graham
Thomas P. Hanrahan
Nitin Reddy
Brendan P. Sheehey

4

5

6

7

By:  */s/ Thomas P. Hanrahan*
        Thomas P. Hanrahan
Attorneys for Defendant
Taco Bell Corp.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1

BACKGROUND ............................................................................................. 3

I.    TACO BELL SELLS MEXICAN STYLE FOOD ITEMS THAT
      CONTAIN SEASONED BEEF ................................................................. 3

II.   TACO BELL'S SEASONED BEEF CONTAINS BEEF, WATER AND
      A SEASONING BLEND ......................................................................... 3

III.  PLAINTIFF'S COMPLAINT ................................................................. 4

LEGAL STANDARD ..................................................................................... 5

ARGUMENT .................................................................................................. 6

I.    PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO MEET RULE
      8(A) OR 9(B) .......................................................................................... 6

      A.   The Complaint Fails Rule 8(a)'s Plausibility Requirement ...................... 6

      B.   The Complaint Fails To Meet Rule 9(b)'s Particularity
           Requirement ................................................................................. 9

II.   TACO BELL'S USE OF THE TERM "SEASONED BEEF" DOES NOT
      VIOLATE USDA REGULATIONS BECAUSE THOSE
      REGULATIONS DO NOT APPLY TO TACO BELL. .................................. 10

CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*
129 S.Ct. 1937 (2009)...............................................................................passim

*Bassett v. Ruggles*, No. CV-F-09-528 OWW/SMS,
2009 WL 2982895 (E.D. Cal. Sept. 14, 2009) ......................................7

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)..................................................................................passim

*Buena Vista, LLC v. New Resource Bank,* No. 10-0512 CW,
2010 WL 3448561 (N.D. Cal. Aug. 31, 2010) ....................................10

*Drobnak v. Andersen Corp.*
561 F.3d 778 (8th Cir. 2009) ..........................................................6, 10

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) ...................................................6, 9, 10

*Sandisk Corp. v. LSI Corp.,* No. C 09-02737 WHA,
2009 WL 3047375 (N.D. Cal. Sept. 18, 2009)......................................7

*Telesaurus VPC, LLC v. Power*
623 F.3d 998 (9th Cir. 2010) ..............................................................5

*Vess v. Ciba-Geigy Corp. USA*
317 F. 3d 1097 (9th Cir. 2003) ..................................................6, 9, 10

*Western Min. Council v. Watt*
643 F. 2d 618 (9th Cir. 1981) ..............................................................12

*Zepeda v. Paypal, Inc.,* No. 5:10-CV-02500 JF (PSG),
2011 WL 570231 (N.D. Cal. Feb. 11, 2011) ......................................10

**STATUTES, RULES AND REGULATIONS**

21 U.S.C. § 661(c)(2)...............................................................................11

7 C.F.R. § 1260 ........................................................................................12

7 C.F.R. § 1260.119 .................................................................................12

9 C.F.R. § 317.400(b) ...................................................................................11

9 C.F.R. § 319.1(a) .......................................................................................12

9 C.F.R. § 319.15 ..........................................................................................12

9 C.F.R. § 381.500(b) ...................................................................................11

9 C.F.R. § 301.2 ............................................................................................11

9 C.F.R. § 303.1(d) ........................................................................................11

9 C.F.R. § 303.1(d)(1)....................................................................................11

9 C.F.R. § 317.1(a) ..................................................................................11, 12

9 C.F.R. §317.2(f)(1) ...................................................................................4, 9

66 Fed. Reg. 4969, 4979 ...............................................................................12

75 Fed. Reg. 82148, 82161 ............................................................................11

Cal. Bus. & Prof. Code § 17200 ...........................................................5, 9, 10

Fed. R. Civ. P. 8 .....................................................................................6, 8, 9

Fed. R. Civ. P. 9(b) .......................................................................2, 6, 9, 10

**OTHER AUTHORITIES**

David A. Bender, A Dictionary of Food and Nutrition (3d ed. 2009) ......................9

David A. Bender and Arnold E. Bender, Benders' Dictionary of Nutrition and
    Food Technology (7th ed. 1999) ............................................................4

Dictionary of Food Science and Nutrition (2006) .....................................................9

Robert S. Igoe, Dictionary of Food Ingredients (1983)............................................4

Ruth Winter, A Consumer's Dictionary of Food Additives (1978) .........................4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Taco Bell respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss.

## <u>INTRODUCTION</u>

There is nothing deceptive, false or misleading about Taco Bell's advertising. Nevertheless, Plaintiff purports to bring claims on behalf of herself and others similarly situated, asserting that Taco Bell's seasoned beef tacos, burritos and other products are falsely and misleadingly advertised because (1) the seasoned beef filling in those products allegedly contains far less than 50% beef, and (2) USDA regulations prohibit calling the beef in these products "seasoned beef," instead requiring that Taco Bell refer to it as "taco meat filling." Each of these claims is fatally deficient, both as a matter of law and pleading.

First, at the core of Plaintiff's Complaint is the conclusory assertion that Taco Bell's seasoned beef food items are not composed primarily of beef: "In reality, a substantial majority of the filling is comprised of substances other than beef…." Compl. ¶ 9.[1] It is important to recognize that this is *not* a factual allegation that purports to be made on personal knowledge. Rather, as the very first paragraph of the Complaint makes clear, the Complaint's allegations are almost entirely made on "information and belief." (Compl., p. 1) "Information and belief" allegations are not some excuse or permissive judicial warrant for conclusory and unsupported speculation, however. In this case, where Plaintiff pleads her "belief" that Taco Bell is misleading its customers, the Complaint must plead facts that are at least sufficient to establish the plausibility of the claim.

---

[1] The Complaint does not allege that Taco Bell has ever advertised that its tacos and other items contain any specified percentage or amount of beef relative to other ingredients (*e.g.*, cheese, lettuce, beans, etc.).

1    Here, however, the Complaint contains no factual "information" at all

2    that plausibly supports the conclusory "belief" that a "substantial majority" of Taco

3    Bell's seasoned beef is not beef. *See* Compl. ¶¶ 1, 10, 15. Indeed, the only facts

4    pleaded to inform Plaintiff's "belief" are that (1) containers shipped to Taco Bell

5    restaurants refer to its seasoned beef as "taco meat filling" (Compl., ¶ 19), and (2)

6    according to a USDA label policy guideline book for manufacturers, "taco meat

7    filling" should contain *at least* 40% beef (*id.*, ¶ 18). But it takes an unsupported leap

8    of logic to go from these two "facts" to a conclusion that Taco Bell's seasoned beef

9    *actually* contains only *the 40% minimum* beef content, and a "substantial majority" of

10   other ingredients. The Complaint pleads no facts at all to even plausibly suggest that

11   Taco Bell's seasoned beef contains only the minimum amount of beef referenced in

12   the policy book. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v.*

13   *Iqbal*, 129 S.Ct. 1937 (2009).

14   Moreover, because the Complaint alleges direct attempts to mislead

15   consumers, it "sounds in fraud" and must meet the heightened pleading standards of

16   Rule 9(b). The Complaint falls far short of those heightened pleading requirements.

17   It is well-established that mere "information and belief" allegations generally do not

18   meet the requirements of Rule 9(b).

19   Second, Plaintiff's claim that Taco Bell has violated USDA regulations

20   by using "seasoned beef" in its product names and advertisements is flatly wrong.

21   *See, e.g.,* Compl. ¶ 17 ("Taco Bell's use of the term 'seasoned beef' also violates and

22   is otherwise inconsistent with the United States Department of Agriculture's

23   ('USDA') definition."); *id.* ¶ 9 (claiming that Taco Bell's beef filling "is required to

24   be labeled and advertised as 'taco meat filling.'") Taco Bell is not subject to those

25   USDA labeling requirements – its suppliers are. Indeed, the regulations themselves

26   expressly state that the labeling of restaurant items is outside the scope of the USDA's

27   rules. There is no basis to claim that Taco Bell is liable for violating regulations when

28   those regulations do not apply to it.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

In short, this enormously disparaging Complaint is insufficient on its face.  The Court should dismiss the Complaint in its entirety.

## BACKGROUND

### I.    Taco Bell Sells Mexican Style Food Items That Contain Seasoned Beef

Taco Bell is the "largest Mexican fast-food chain in the United States," with over 5,600 restaurants.  Compl. ¶¶ 6-7.  Taco Bell sells "Mexican style food products," including among other things, tacos and burritos.  *Id.* ¶ 8.

Many of Taco Bell's tacos, burritos and other menu items are made with "seasoned beef."  *Id.*  Taco Bell does not make the seasoned beef itself; rather, Taco Bell acquires cooked seasoned beef from its USDA-inspected suppliers.  *See* Compl. ¶ 19 (image of box from "supplier," identifying the product as being "packaged exclusively for use by Taco Bell and its franchises," with USDA inspection stamp).

### II.    Taco Bell's Seasoned Beef Contains Beef, Water And A Seasoning Blend

The Complaint does not allege that Taco Bell advertises that its seasoned beef products contains any particular percentage of any particular ingredient. However, as alleged in the Complaint, Taco Bell's seasoned beef contains the following ingredients (listed in the label reproduced in the Complaint):

- Beef;
- Water;
- Salt, Chili Pepper, Onion Powder, Tomato Powder, Sugar, Spices, Maltodextrin (another form of sugar), Garlic Powder, Caramel Color, Cocoa Powder, Soybean Oil Natural Flavors, Yeast, Modified Corn Starch, Natural Smoke Flavor; Oats and Isolated Oat Product;

3

- Soy Lecithin, "an emulsifier, e.g., in salad dressing, processed cheese and chocolate;"[2]

- Autolyzed Yeast Extract, "valuable … as a … strong savoury flavor;"[3]

- Citric Acid, "a flavouring and acidifying agent;"[4]

- Silicon Dioxide, "an anticaking agent;"[5]

- Sodium Phosphate, "an emulsifier used in various processed foods for helping to incorporate water;"[6] and

- Less than 2%: beef broth, potassium phosphate, potassium lactate.

Compl. ¶ 19.  Significantly, USDA-inspected suppliers must list ingredients on labels in descending order of predominance, 9 C.F.R. §317.2(f)(1).

## III.    Plaintiff's Complaint

Plaintiff, Amanda Obney, alleges that she is a California resident who purchased Taco Bell food products that contained seasoned beef.  Compl. ¶ 5. Plaintiff does not allege any details about her claimed purchase.  She does not allege, for example, the "advertising and labeling claims" to which she "was exposed," which restaurant she visited, what product she purchased, or even when she purchased it.

The Complaint's allegations are based almost entirely on "information and belief."  The very first paragraph of the Complaint states: "Plaintiff alleges, on information and belief, except for the information based on personal knowledge, as follows."  Compl., p. 1.  The only allegations that, in turn, appear to be based on

---

[2] David A. Bender and Arnold E. Bender, Benders' Dictionary of Nutrition and Food Technology 232 (7th ed. 1999).

[3] *Id*. at 437.

[4] *Id*. at 104.

[5] Robert S. Igoe, Dictionary of Food Ingredients (1983); *see also* Ruth Winter, A Consumer's Dictionary of Food Additives (1978) ("[c]leared for use as … an anticaking agent").

[6] David A. Bender, A Dictionary of Food and Nutrition 220 (3d ed. 2009).

4

"personal knowledge" are those contained in paragraph 5 of the Complaint, describing the Plaintiff herself.

Plaintiff brings suit under Cal. Bus. & Prof. Code § 17200 and the Consumer Legal Remedies Act ("CLRA"), on behalf of "all persons in the United States who purchased any food product from Taco Bell that was advertised or labeled as containing 'beef,' 'seasoned ground beef' or 'seasoned beef.'" *Id.* ¶ 20. She claims that Taco Bell misrepresents its food items as containing "seasoned beef" filling, because (1) "a substantial majority of the filling is comprised of substances other than beef," and (2) Taco Bell "is required" by the USDA to label and advertise its seasoned beef as "taco meat filling." Compl. ¶ 9; *see also, e.g.,* Compl. ¶¶ 1, 11, 17.

## LEGAL STANDARD

To survive a motion to dismiss, the plaintiff must come forward with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

After eliminating such conclusions, the court should "identify well-pleaded factual allegations, which [it should] assume to be true, and then determine whether they plausibly give rise to an entitlement to relief." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal marks omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* If the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

1    This Complaint must also meet Rule 9(b)'s heightened pleading

2    requirement because the thrust of Plaintiff's claim is that Taco Bell deliberately

3    attempted to deceive its customers.  Although fraud is not an essential element of all

4    CLRA and 17200 claims, Rule 9(b) applies to "facts that necessarily constitute fraud

5    (even if the word 'fraud' is not used)."  *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d

6    1097, 1105 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009)

7    ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to

8    claims for violations of the CLRA and UCL" that sound in fraud).  "Allegations

9    pleaded on information and belief usually do not meet Rule 9(b)'s particularity

10   requirement."  *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

11

12                          **ARGUMENT**

13   **I.    Plaintiff Has Not Pled Sufficient Facts To Meet Rule 8(a) or 9(b)**

14           The Court should dismiss the Complaint because it does not meet even

15   the plausibility standard of Rule 8(a) under *Twombly* and *Iqbal*, let alone the

16   heightened pleading standard under Rule 9(b).

17

18           **A.    The Complaint Fails Rule 8(a)'s Plausibility Requirement**

19           Plaintiff asserts, entirely upon "information and belief" (Compl., p. 1),

20   that Taco Bell's advertising and descriptions of its seasoned beef products are false

21   and misleading because Taco Bell's seasoned beef contains far less than 50% beef and

22   "mostly consists of 'extenders' and other non-meat substances." *Id*. ¶¶ 1, 9.  These

23   allegations of Plaintiff's "belief" are not well-pleaded facts; they are merely

24   conclusory allegations, which the Court need not and should not credit.  *Iqbal*, 129

25   S.Ct. at 1949 (disregarding as conclusory allegations that defendant was "the

26   'principal architect'" of an "invidious policy" to expose the plaintiff to "to harsh

27   conditions of confinement" on "account of [his] religion, race, and/or national

28   origin"); *Twombly*, 550 U.S. at 555 (disregarding as conclusory allegations that

                                    6

1    defendants "ha[d] entered into a contract, conspiracy, or combination  … and ha[d]

2    agreed not to compete with one another").

3            Indeed, precisely because "belief" is inherently conclusory and not based

4    on personal knowledge, pleading *factual* bases that plausibly support the alleged belief

5    is essential.  Otherwise, an incantation of "information and belief" would allow

6    complaints to proceed on nothing more than naked speculation.  That is not enough.

7    Rather, the Court should look at the facts and other "information" pleaded in the

8    Complaint to determine whether they plausibly justify Plaintiff's "belief."  *See Bassett*

9    *v. Ruggles*, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895 (E.D. Cal. Sept. 14,

10   2009) (dismissing complaint where "[n]o allegations are made identifying the basis of

11   Plaintiffs' information and belief"); *Sandisk Corp. v. LSI Corp.*, No. C 09-02737

12   WHA, 2009 WL 3047375 (N.D. Cal. Sept. 18, 2009) (disregarding statements made

13   on information and belief because those statements, "which are not amplified by any

14   facts, do not allow a judge to make any reasonable inferences").

15           The allegations deemed conclusory in *Iqbal* illustrate the inadequacies of

16   Plaintiff's complaint here.  In *Iqbal*, the complaint alleged that defendants designated

17   the petitioner a "person of high interest" based on his "race, religion, or national

18   origin."  129 S.Ct. at 1944.  The defendants then allegedly "approved" a "policy" of

19   holding persons like petitioner "in highly restrictive conditions of confinement" where

20   they knew he would be subject to "harsh" treatment.  *Id.*  The Supreme Court

21   dismissed these allegations as lacking the "factual content" needed to "unlock the

22   doors of discovery."  *Id.* at 1949-50.  These were "bare assertions" and "bald

23   allegations," no better than a "formulaic recitation of the elements" of a claim.  *Id.* at

24   1951.  The Court therefore concluded they were not "entitled to be assumed true" and

25   affirmed dismissal.  *Id.*

26           Here, Plaintiff offers this Court far less in the way of facts than the

27   petitioner in *Iqbal*.  Plaintiff does not cite a single fact to justify her conclusory

28   "belief" that a "substantial majority of the filling is comprised of substances other than

7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1  beef." *See* Compl. ¶ 9.  Instead, Plaintiff cites a USDA policy book that provides

2  guidance that "taco meat filling" labeled in USDA-inspected facilities should be *at*

3  *least* 40% beef.  Compl. ¶ 18.  Plaintiff then points to a copy of a container label

4  shipped to Taco Bell by its suppliers, which describes the contents as "taco meat

5  filling."  *Id.* at ¶ 19.  Based on these two bare "facts," Plaintiff assumes the conclusion

6  that Taco Bell's seasoned beef must contain less than 50% beef, and claims that its

7  advertising is therefore deceptive (even though there is no allegation that Taco Bell

8  says anything at all about the amount of beef in its "seasoned beef" filling).

9          But the conclusion that Taco Bell's seasoned beef contains less than 50%

10 beef requires a leap of logic wholly unsupported by these premises.  The label policy

11 book establishes only a *minimum* amount of beef for products that meat processors are

12 allowed to label as "taco meat filling;" it says nothing at all about whether the amount

13 of beef *actually* in products so labeled exceeds these minimums, or by how much.

14 This falls short of the pleading requirements of Rule 8.  *See Twombly*, 550 U.S. at 555

15 ("Factual allegations must be enough to raise a right to relief above the speculative

16 level").  Significantly, Plaintiff does not allege any facts indicating that Taco Bell's

17 suppliers ship the company product with only the minimum amount of beef.

18          Nor has Plaintiff pleaded any facts that plausibly support her conclusion

19 that Taco Bell's seasoned beef "mostly consists of 'extenders' and other non-meat

20 substances."  *See* Compl. ¶ 1.[7]  To the contrary, the only factual allegation in the

21 Complaint that bears on this – the ingredient list shown on the box reproduced in

22 paragraph 19 of the Complaint – actually contradicts Plaintiff's conclusory belief.

23          The USDA regulations governing Taco Bell's suppliers mandate that

24 ingredients be listed on the label of the USDA-inspected products in descending order

25

26 ───────────────
   [7] Meat extenders are "vegetable proteins (commonly textured soya protein) added to

27 meat products to replace part of the meat."  David A. Bender, A Dictionary of Food
   and Nutrition 346 (3d ed. 2009); *id.* at 529 (defining "textured vegetable protein" as

28 "[s]pun or extruded vegetable protein, usually made to simulate meat").

of predominance.  *See* 9 C.F.R. §317.2(f)(1).  And the very first ingredient listed is "beef," a fact entirely *consistent* with its comprising a majority of the product.[8]  See Compl. ¶ 19.  Nothing on the label suggests otherwise, nor are any contrary *facts* elsewhere pleaded in the Complaint.

In short, the Complaint does not plead a single fact that plausibly supports the alleged "belief" that Taco Bell's seasoned beef is not comprised primarily of beef, much less that Taco Bell misleads consumers in any regard.

## B.  The Complaint Fails To Meet Rule 9(b)'s Particularity Requirement

In addition to failing the plausibility requirement of Rule 8 under *Twombly* and *Iqbal*, the Complaint also fails to meet the particularity requirement under Rule 9(b).  Although fraud is not an essential element of all Cal. Bus. & Prof. Code § 17200 and the CLRA claims, the Ninth Circuit has held that Rule 9(b)'s heightened pleading standard applies to claims made under those statutes where the complaint alleges "facts that necessarily constitute fraud (even if the word 'fraud' is not used)."  *Vess*, 317 F.3d at 1105; *Kearns*, 567 F.3d at 1125 (applying Rule 9(b) to complaint alleging only violations of § 17200 and CLRA because "the claim is . . . grounded in fraud' or to 'sound in fraud,") (internal quotation marks omitted); *see also*, *e.g.*, *Zepeda v. Paypal, Inc.*, No. 5:10-CV-02500 JF (PSG), 2011 WL 570231 at *5-6 (N.D. Cal. Feb. 11, 2011) (applying Rule 9(b) and dismissing § 17200 claim that plaintiff "relied on deceitful marketing materials and representations in deciding to use and pay for PayPal's services").

---

[8] The Complaint refers to "isolated oat product" as an ingredient.  But it is listed after beef, water, and various other spices and flavorings (Compl. ¶ 19) – a fact that in no way lends support to the theory that a majority of the seasoned beef filling is not beef.  Moreover, while paragraph 10 of the Complaint attempts to treat "binders and extenders" interchangeably, a "binding agent" is "an additive that makes prepared food keep its shape and texture."  Dictionary of Food Science and Nutrition 24 (2006); *see also* David A. Bender, A Dictionary of Food and Nutrition 66 (3d ed. 2009) (defining "bind" as "[t]o add liquid, fat or egg to a mixture to hold it together").

1    While Plaintiff avoids using the word "fraud," plaintiff's consumer fraud
2  claims clearly accuse Taco Bell of deliberately misleading its customers – *e.g.*, Taco
3  Bell "knew" that "the representations were unsubstantiated, false and misleading."
4  Compl. ¶ 30.[9]  Plaintiff's Complaint is thus subject to the requirements of Rule 9(b) –
5  and the protections it affords against such reputation damaging assertions – even
6  though she avoids use of the word "fraud." *Vess*, 317 F. 3d at 1105; *Kearns*, 567 F.3d
7  at 1125.

8    The Complaint fails to meet the particularity requirement of Rule 9(b).
9  Indeed, the insufficiencies of its "information and belief" allegations are even more
10 apparent. *See* Compl., p. 1; *Drobnak*, 561 F.3d at 783 ("Allegations pleaded on
11 information and belief usually do not meet Rule 9(b)'s particularity requirement.");
12 *Buena Vista, LLC v. New Resource Bank*, No. 10-0512 CW, 2010 WL 3448561 at *7
13 (N.D. Cal. Aug. 31, 2010) (same).  Moreover, the Complaint does not allege any
14 details about Plaintiff's claimed purchase.  She does not allege, for example, the
15 "advertising and labeling claims" to which she "was exposed," which restaurant she
16 visited, what product she purchased, or even when she purchased it.  For this
17 independent reason as well, the Court should dismiss the Complaint.  *See id.*

18
19 **II.    Taco Bell's Use Of The Term "Seasoned Beef" Does Not Violate USDA**
20 **Regulations Because Those Regulations Do Not Apply to Taco Bell.**
21    The Complaint is also based on a fundamental misapprehension of the
22 law.  The Complaint claims that Taco Bell has violated USDA "requirements" by

[9] *See also, e.g.,* Compl. ¶ 5 (plaintiff expected defendant would act "honestly"); ¶ 19
(accusing Taco Bell of "even labeling the containers shipped to its restaurants
correctly, while not telling its customers"); ¶ 30 (alleging, in the alternative, that Taco
Bell "knew" that "the representations were unsubstantiated, false and misleading");
¶ 37 (alleging that Taco Bell's conduct is "immoral" and "unscrupulous"); ¶ 40
(alleging that the conduct violates § 17200's "prohibition against 'fraudulent' or
deceptive business practices" because defendant "deceive[d] reasonable consumers,
including consumers").

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

referring to its beef filling as "seasoned beef" rather than as "taco meat filling." *See*, *e.g.*, Compl. ¶ 35 (accusing Taco Bell of "misbranding food in violation of federal law"); ¶ 17 ("Taco Bell's use of the term 'seasoned beef' also violates and is otherwise inconsistent with the United States Department of Agriculture's ('USDA') definition.")  In support of this assertion, the Complaint cites various USDA regulations.  *See* Compl. ¶¶ 1, 17, 35 (citing 7 C.F.R. § 1260.119; 9 C.F.R. § 319.15). But none of these regulations applies to Taco Bell's retail advertising or choice of food names or descriptions used on its menus.

Retail stores, restaurants and similar retail-type establishments are exempt from USDA inspection and labeling requirements.  *See* 21 U.S.C. § 661(c)(2) (meat); *id*. § 454(c)(2) (poultry); 9 C.F.R. § 303.1(d) (meat); *id*. § 381.10(d) (poultry).  9 C.F.R. § 303.1(d)(1) expressly states that "[t]he requirements of the [Federal Meat Inspection] Act and the regulations in this subchapter for inspection of the preparation of products do not apply to operations of types traditionally and usually conducted at retail stores and restaurants, when conducted at any retail store or restaurant or similar retail-type establishment for sale in normal retail quantities or service of such articles to consumers at such establishments."  9 C.F.R. § 317.1(a) makes clear that USDA-approved labels are required only for "official establishments," which are defined in 9 C.F.R. § 301.2 as facilities "at which inspection is maintained under the regulations in this subchapter."

Furthermore, the USDA has expressly excluded restaurant menus from its labeling regulations.  9 C.F.R. § 317.400(b) (2010) ("Restaurant menus generally do not constitute labeling or fall within the scope of these regulations."); 9 C.F.R. § 381.500(b) (2010) (same); 75 Fed. Reg. 82148, 82161 (December 29, 2010) ("As FSIS explained in the proposed rule [66 Fed. Reg. 4969 (January 18, 2001)] restaurant menus generally do not fall within the scope of the nutrition labeling regulations."); 66 Fed. Reg. 4969, 4979 (same).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1    Finally, the two regulations cited by Plaintiff are inapplicable.  *See*
2  *Western Min. Council v. Watt*, 643 F. 2d 618, 624 (9th Cir. 1981) (The court should
3  not "assume the truth of legal conclusions merely because they are cast in the form of
4  factual allegations").  Plaintiff relies on 7 C.F.R. § 1260.119 to define "beef" as "flesh
5  of cattle."  Compl. ¶ 17.  This regulation, however, merely defines "beef" as it relates
6  to the powers and duties of the Cattlemen's Beef Promotion and Research Board and
7  the Beef Promotion Operating Committee.  *See* 7 C.F.R. § 1260 (2010).  Plaintiff has
8  not alleged and cannot allege that Taco Bell is part of the Cattlemen's Beef Promotion
9  board.

10    Plaintiff's reliance on 9 C.F.R. § 319.15 for the definition of "ground
11  beef," *see* Compl. ¶ 17, is similarly misplaced.  This regulation applies only to the
12  products sold and packaged by USDA-inspected facilities, and expressly does not
13  apply to restaurants like Taco Bell that are exempted from USDA inspection and
14  labeling rules.  *See* 9 C.F.R. § 317.1(a) (requiring approved labels be affixed to "any
15  inspected and passed product" in "an official establishment"); 9 C.F.R. § 319.1(a)
16  (requiring labels "in accordance with the general labeling provisions in part 317 of
17  this subchapter").

18    Taco Bell cannot be held liable under California's consumer protection
19  laws for violating USDA regulations when those regulations expressly *do not apply* to
20  it.

21
22    * * *

23    Plaintiff has not pleaded any facts to support her conclusory claim that
24  Taco Bell is falsely and misleadingly using the term "seasoned beef"  to refer to a
25  product that contains less than 50% beef and is required to be labeled otherwise by the
26  USDA.  The Court should not "unlock the doors of discovery for a plaintiff armed
27  with nothing more than conclusions."  *Iqbal*, 129 S. Ct. at 1950.  The Court thus
28  should dismiss the Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CONCLUSION</u>

For all of the foregoing reasons, Taco Bell respectfully requests that this Court grant its Motion to Dismiss the Complaint in its entirety.

Dated:  March 1, 2011

Respectfully submitted,

SIDLEY AUSTIN LLP
David F. Graham
Thomas P. Hanrahan
Nitin Reddy
Brendan P. Sheehey

By:   */s/ Thomas P. Hanrahan*
        Thomas P. Hanrahan
Attorneys for Defendant
Taco Bell Corp.

# CERTIFICATE OF SERVICE

I, Nitin Reddy, certify that true and correct copies of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 9(b); MEMORANDUM OF POINTS AND AUTHORITIES** were electronically filed and served on March 1, 2011.  Those attorneys who are registered with the Electronic Case Filing ("ECF") System may access this filing through the Court's system and notice of this filing will be sent to the parties by operation of the Court's ECF system.  Counsel not registered with ECF were sent this filing via U.S. mail.

_/s/ *Nitin Reddy*_

Nitin Reddy

1

## Service List

2

3   Timothy G. Blood, Esq.
    Leslie E. Hurst, Esq.
4   Thomas J. O'Reardon, II, Esq.
    Blood Hurst & O'Reardon, LLP
5   600 B Street, Suite 1550
    San Diego, CA 92101
6   Tel: (619) 338-1100
    Fax: (619) 338-1101
7   tblood@bholaw.com
    lhurst@bholaw.com
8   toreardon@bholaw.com
9   **Counsel for Plaintiff**

10  W. Daniel Miles, III, Esq.
    William E. Hopkins, Jr., Esq.
11  Beasley, Allen, Crow, Mehvin, Portis & Miles, P.C.
    218 Commerce Street
12  Post Office Box 4160
    Montgomery, AL 36104
13  Tel: (334) 269-2343
    Fax: (334) 954-7555
14  Dee.Miles@BeasleyAllen.com
15  Bill.Hopkins@BeasleyAllen.com
16  **Counsel for Plaintiff – Via Mail**

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**